```
                 IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )    CIVIL NO. 24-00321-SOM-KJM
                             )    CRIMINAL NO. 98-00456-SOM
          Plaintiff,         )
                             )    ORDER DENYING MOTION FOR
     vs.                     )    RECONSIDERATION AND
                             )    ASSOCIATED REQUESTS
TIMOTHY JON ROBLES,          )
                             )
          Defendant.         )
_____)
```

**ORDER DENYING MOTION FOR RECONSIDERATION AND ASSOCIATED REQUESTS**

Petitioner Timothy Robles moves for reconsideration of the order denying his motion for a writ of coram nobis. His reconsideration motion is accompanied by requests that this court transfer this matter to the Eastern District of Washington for clarification, take judicial notice, appoint counsel, and require the Government to respond and produce relevant documents. The court denies the reconsideration motion and all the other requests.

The court notes that it is unclear whether Robles used the prison mail system to submit his moving papers. His papers refer only to the use of "United States mail." If he did not use a prison mail system, his motions are untimely, not having been submitted within twenty-eight days of entry of judgment in this case, as required by either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. If he did use the prison mail system, his motions are timely if they were placed in that mail

system within the twenty-eight period.  The court assumes for purposes of this order that Robles used his prison mail system.

The reconsideration motion evidences palpable frustration but offers no new evidence and no newly persuasive analysis or legal authority.  Robles rehashes prior arguments and expresses vehement disagreement with the order denying coram nobis relief.  This is insufficient to warrant reconsideration.

For example, Robles continues to misunderstand actual innocence.  To establish actual innocence, he would need to show that he did not commit the crimes he was charged with.  Far from showing that, Robles contends that his sentence was erroneous.  An allegedly erroneous sentence does not render one actually innocent, no matter how many times Robles conflates the concepts.  One could theoretically be guilty but still have been missentenced, and the sentence would not render one actually innocent.  In so stating, this court is not, of course, announcing any conclusion that Robles was missentenced.  This court is instead attempting to illustrate the difference between concepts that Robles mistakenly views as synonymous.

This court sees no reason to reiterate its reasons for denying relief.  The court instead rests on its earlier order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 23, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Robles*; CIVIL NO. 24-00321 SOM-KJM, CRIMINAL NO. 98-O00456 SOM; ORDER DENYING MOTION FOR RECONSIDERATION AND ASSOCIATED REQUESTS